IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

NORFETH MOLLEY and
MARTHA MOLLEY,

        Plaintiffs,   :  CIVIL ACTION

vs.   :  No. 07-cv-5415

FIVE TOWN CHRYSLER, INC.,
MITSUBISHI AUTO GROUP, INC.,
J.P. MORGAN CHASE & COMPANY,
INWOOD FIVE TOWNS CHRYSLER, LLC.,
AIRPORT AUTO GROUP, INC., and
WELLS FARGO BANK, N.A.,

        Defendants.

FILED
FEB 20 2009
MICHAEL E. KUNZ, Clerk
By _____ Dep. Clerk

### MEMORANDUM and ORDER

Joyner, J.                                       February 18, 2009

Before the Court is Defendant Wells Fargo Bank's Motion to Dismiss the Second Amended Complaint (Doc. No. 38) and Plaintiffs' Response in Opposition (Doc. No. 44). For the reasons set forth, the Motion is granted in part and denied in part.

### Background[1]

On March 1, 2007, Plaintiff Norfeh Molley ("Norfeh") contacted Defendant Five Towns Chrysler ("Chrysler") and Mitsubishi Auto Group ("Mitsubishi") to inquire about a 2006 Nissan Murano that she previously seen advertised on the

---

[1] As this is a Motion to Dismiss, we will resolve all factual allegations as true. Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)

1

Internet. A representative from Chrysler and Mitsubishi, Andy, faxed Norfeh a credit application which she completed and returned. Norfeh told Andy that she would put $4,000.00 down towards the purchase of the car. Andy called Norfeh back approximately two hours later, told her that she was approved for financing and advised her that the car's purchase price was $15,495.00 (excluding taxes, tags, and document preparation fees). Norfeh then agreed to travel to New York to pick-up and close on the car on March 3, 2007.

When Norfeh arrived to pick up the car, Chrysler and Mitsubishi's second representative, Hector, told Norfeh that the total cost of the car was actually $21,500.00. Upon inquiry as to the change, Hector told her that the lender, Chase, required a separate $2,000.00 deposit and obligated her to purchase a warranty for an additional $2,500.00 because of her "light" credit history. Chrysler and Mitsubishi later advised Norfeh that, after that time, they had continued to "shop" her credit application around for a better rate. Ultimately, Chrysler and Mitsubishi reported that Norfeh qualified for a better rate, but that she would need a co-signer. Norfeh's sister, Martha Molley, then agreed to co-sign.

On that same day, a third representative from Chrysler and Mitsubishi drove to Philadelphia to obtain Martha Molley's signature as a co-signer. The representative presented blank

2

loan documents to Martha Molley, advising that the final documents would be forwarded immediately thereafter reflecting the cost discussed, and she signed them. The documents were ultimately forwarded to Martha Molley one (1) month later and indicated that $23,816.15 was financed (disregarding the total cash deposit and the prior price quotes). In addition, the documents indicated that the loan and car were solely titled to Martha Molley, not to her sister, Norfeh.

On December 24, 2007, plaintiffs, Norfeh and Martha Molley, commenced this civil action against Defendants Five Towns Chrysler ("Chrysler"), Mitsubishi Auto Group ("Mitsubishi") and J.P. Morgan Chase ("Chase") alleging: Count I (Negligent Misrepresentation); Count II (Fraudulent Misrepresentation); count III (Unfair Trade Practices and Consumer Protection Law violations); Count IV (Breach of Contract/Warranty); Count V (Fair Credit Extension Uniformity Act violations); Count VI (Truth-In-Lending Act violations); and Count VII (Equal Credit Opportunity Act violations). Chase moved to dismiss the counts against it and plaintiffs cross-moved to amend their Complaint. The Court allowed the amendment and an Amended Complaint was docketed on June 12, 2008. Due to the sale of Five Towns Chrysler to Inwood Five Towns Chrysler, Inwood Five Towns Chrysler was added as a defendant on June 12, 2008; additionally, Airport Auto Group, was added. Defendant Chase then moved for

3

dismissal of the Amended Complaint and in response, plaintiffs withdrew all claims against Chase, except for Counts III (UTPCPL) and VII (ECOA). This Court also allowed Counts III and VII to proceed, but dismissed any punitive damages claims against Chase. Chase then filed an Answer and cross-claims against all other defendants. On August 18, 2008, plaintiffs moved this Court for leave to amend the Amended Complaint to add Wells Fargo, N.A., as a defendant. Plaintiffs claimed that they now knew that "Wells Fargo, N.A., was responsible for the original financing." See Pl. Mot. for Leave to Amend to Add Wells Fargo. This Court allowed the amendment and plaintiffs filed a Second Amended Complaint on September 11, 2008. Defendant Wells Fargo then filed the instant Motion to Dismiss the Second Amended Complaint on November 24, 2008, and plaintiffs responded on January 20, 2009. Both parties then jointly stipulated to the dismissal of JPMorgan Chase Bank, N.A., incorrectly pled as JP Morgan Chase & Co., with prejudice.

## Standard

In response to a pleading, under Federal Rule of Civil Procedure 12(b)(6), a Defendant may assert by motion that the Plaintiff's complaint "[fails] to state a claim upon which relief can be granted." In analyzing a Rule 12(b)(6) motion to dismiss, we "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and

determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (citations omitted). "To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level . . . .'" Id. at 232 (quoting Bell Atl. Corp. v. Twombley, 127 S. Ct. 1955, 1965, 167 L. Ed. 929, 940 (2007)). In other words, the plaintiff must provide "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]" of a particular cause of action. Id. at 234. In ruling on a Rule 12(b)(6) motion to dismiss, the court may consider documents "integral to or explicitly relied upon in the complaint." In re Rockefeller Sec. Lit., 184 F.3d 280, 287 (3d Cir. 1999).

## Discussion

Plaintiffs concede in their Response to withdraw all Counts against Wells Fargo, except:

(1) Count III: Unfair Trade Practices and Consumer Protection Law ("UTPCPL" or "CPL");

(2) Count VI: Truth-in-Lending Act ("TILA"); and

(3) Count VII: Equal Credit Opportunity Act ("ECOA").

Hence, Counts I (Negligent Misrepresentation), II (Fraudulent Misrepresentation), IV (Breach of Contract/Warranty) and V (Violations of Pennsylvania Fair Credit Extension Uniformity Act)

5

are DISMISSED WITH PREJUDICE as to Defendant Wells Fargo. We will address each of the remaining three Counts in turn.

## I. Count III: UTPCPL ("CPL")

Defendant Wells Fargo contends that for a violation of UTPCPL, a plaintiff must show that he "justifiably relied on the defendant's wrongful conduct or representation and that he suffered harm as a result of the reliance." Hunt v. United States Tobacco Co., 538 F.3d 217, 222 (3d Cir. 2008) (quoting Yocca v. Pittsburgh Steelers Sports, Inc., 578 Pa. 479, 501 (2004)). In order to plead justifiable reliance for a UTPCPL claim, defendant then argues, that plaintiffs must allege the elements of common law fraud. Id. at 223. Defendant finally argues that as plaintiffs have not alleged the elements of common law fraud against Wells Fargo, this claim should be dismissed. Plaintiffs, however, contend that a claim under UTPCPL can be established by a showing of "conduct having a tendency to confuse" and that they have sufficiently alleged this deceptive conduct in the Complaint by pleading that Wells Fargo was directing the representatives of Chrysler and Mitsubishi.

Pennsylvania courts are divided as to whether a plaintiff must plead the elements of common law fraud to plead a UTPCPL claim after the 1996 amendments. Courts in this district have held that, "it is no longer necessary for a plaintiff to allege all of the elements of common law fraud in order to recover under

6

the CPL." Flores v. Shapiro & Kreisman, 246 F. Supp. 2d 427, 432 (E.D. Pa. 2002) (citing In re Patterson, 263 B.R. 82, 92-93 (Bankr. E.D. Pa. 2001)). Instead, they have held that a "plaintiff may allege deception, as opposed to common law fraud, to set forth an actionable claim under the UTPCPL." Davis v. Mony Life Ins. Co., 2008 U.S. Dist. LEXIS 69736, at *15-16 (W.D. Pa. Sept. 2, 2008) (citing Grimm v. Washington Mutual Bank, 2008 U.S. Dist. LEXIS 55628, 2008 WL 285377 (W.D. Pa. July 22, 2008); Wilson v. Parisi, 549 F.Supp.2d 637 (M.D. Pa.2008); Alberton v. Commonwealth Land Title Ins. Co., 247 F.R.D. 469 (E.D. Pa.2008); Cohen v. Chicago Title Ins. Co., 242 F.R.D. 295 (E.D. Pa.2007)). In regards to the reliance, the Third Circuit has specifically stated, "we think the Pennsylvania Supreme Court would require justifiable reliance where a private plaintiff alleges deceptive conduct under the post-1996 catch-all provision." Hunt v. United States Tobacco Co., 538 F.3d 217, 222 (3d Cir. 2008). However, on this issue, the Pennsylvania Superior Court held that despite the 1996 amendments to UTPCPL, a plaintiff must still plead the elements of common law fraud.[2] Booze v. Allstate Ins. Co., 750 A.2d 877, 880 (Pa. Super. 2000).

---

[2] For common law fraud, a plaintiff must show: (1) a material misrepresentation of an existing fact; (2) scienter; (3) justifiable reliance on the misrepresentation; and (4) damages. Sponaugle v. First Union Mortg. Corp., 40 Fed. Appx. 715, 718 (3d Cir. 2002). "A plaintiff can plead scienter by alleging facts 'establishing a motive and an opportunity to commit fraud, or by setting forth facts that constitute circumstantial evidence of either reckless or conscious behavior.'" Berckeley Inv. Group, Ltd. v. Colkitt, 455 F.3d 195, 216 (2006).

Clearly there is uncertainty within the Circuit as to what type of conduct the "catch all" provision of the UTPCPL protects. However, this Court, again, declines to reach this issue of a split in the authority and instead looks to the fact that "the plaintiffs have alleged facts sufficient to give rise to a reasonable expectation that discovery will reveal evidence of the elements of common law fraud and thus elements of a viable UTPCPL claim." Molley v. Five Towns Chrysler, No. 07-5415 (E.D. Pa. July 17, 2008) (order granting in part and denying in part Defendant JP Morgan Chase's Motion to Dismiss). Specifically, plaintiffs appear to allege against Wells Fargo exactly what they formerly alleged against Chase, that Chrysler and Mitsubishi played intermediary roles, under the direction of Wells Fargo. At the end of the Complaint, plaintiffs alleged that Chrysler and Mitsubishi "were actually agents of and speaking on behalf of Defendant, [Wells Fargo], and not Defendant, Chase, and/or Defendant, [Wells Fargo], was assigned and currently holds and services Plaintiffs' loan." Construing all factual allegations in favor of the non-moving party, plaintiffs have pled that Wells Fargo should be substituted for Chase in regards to its role as the original creditor and its alleged direction of Chrysler and Mitsubishi. Hence, plaintiffs have adequately alleged that Martha Molley, acting in reliance on the misrepresentation that the car would require $19,000.00 in financing and that the loan

and vehicle would be in her sister's name, signed a blank document. Plaintiffs have also alleged that the financing amount was changed (increased) without their consent and the car and loan were placed in the name of solely Martha Molley. Plaintiffs now claim damages including financial injury, loss of credit-worthiness, and emotional distress. These factual allegations plead the elements of common law fraud. Hence, Wells Fargo's Motion to Dismiss this count is DENIED.

## II. TILA

"The Truth in Lending Act was enacted in order 'to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices.'" Vallies v. Sky Bank, 432 F.3d 493, 495 (3d Cir. 2006) (citing 15 U.S.C. § 1601; Rossman v. Fleet Bank (R.I.) Nat'l Ass'n, 280 F.3d 384, 389 (3d Cir. 2002)). Pursuant to the statute, the creditor must make the required disclosures in writing and provide a copy for the consumer to keep. 12 C.F.R. § 226.17; 12 C.F.R. § 226.18. Hence, to state a claim under TILA, plaintiffs must allege that the Defendant Wells Fargo was the creditor and did not make the required disclosures, damaging plaintiffs.

Plaintiffs allege a violation of the Truth-In-Lending Act

9

because they allegedly did not receive the disclosures required by TILA. As plaintiffs have alleged that they signed blank documents at the direction of agents of Wells Fargo. A blank form would clearly be lacking the requisite TILA disclosures. Hence, plaintiffs have properly pled a claim under TILA, in so far as Wells Fargo was the "creditor" for the loan as defined by 12 C.F.R. § 226.2(a)(17).[3,4] The Motion to Dismiss Count VI is DENIED.

## III. ECOA

Plaintiffs allege that defendant "changed the loan's terms three (3) times without notification to plaintiffs." Pl. Resp.

---

[3] "[a] person (A) who regularly extends consumer credit that is subject to a finance charge or is payable by written agreement … and (B) to whom the obligation is initially payable, either on the face of the note or contract, or by agreement when there is no note or contract." 12 C.F.R. § 226.2(a)(17).

[4] Plaintiffs appear to allege in the Complaint that, in the alternative ("and/or"), Defendant Wells Fargo was an assignee of the loan. It should be noted that the statute specifically delineates assignee liability for TILA violations as follows:
> (a) Prerequisites. Except as otherwise specifically provided in this title [15 USCS §§ 1601 et seq.], any civil action for a violation of this title [15 USCS §§ 1601 et seq.] or proceeding under section 108 [15 USCS § 1607] which may be brought against a creditor may be maintained against any assignee of such creditor only if the violation for which such action or proceeding is brought is apparent on the face of the disclosure statement, except where the assignment was involuntary. For the purpose of this section, a violation apparent on the face of the disclosure statement includes, but is not limited to (1) a disclosure which can be determined to be incomplete or inaccurate from the face of the disclosure statement or other documents assigned, or (2) a disclosure which does not use the terms required to be used by this title [15 USCS §§ 1601 et seq.].

15 U.S.C. § 1641. No such violation as described is apparent on the face of the disclosure statement in the instant case. See Comp (??), Exh. 1, "Federal Truth-In-Lending Disclosures." The lack of disclosure alleged by plaintiffs occurred at the signing of the blank document. Once the document was completed, it no longer appeared to lack disclosures on its face.

in Oppos. While defendant argues that plaintiffs have actually alleged that the documents that they signed were provided by and bore the name of Chase, not Wells Fargo, and that allegations against Wells Fargo were never specifically made.

Three actions taken by a creditor will trigger a notice requirement to the potential borrower: an approval, a counteroffer, or an adverse action. See 15, U.S.C. § 1691; 12 C.F.R. § 202.9(a)(1)(I); Newton v. United Companies Financial Corp., 24 F. Supp. 2d 444, 459 (E.D. Pa. 1998). Further, a lender must notify the potential borrower when a counteroffer is made, not just the ultimate approval or denial of that counteroffer. Newton, 24 F. Supp. 2d at 457. Plaintiffs have alleged that the original financing offer was represented to them as $19,000.00, but that ultimately, without any notice, the final loan was for $23,816.15 - giving rise to a reasonable expectation that discovery will produce evidence of a lack of notice of a counteroffer regarding the necessary amount to finance the car. Plaintiffs have claimed that these misrepresentations were made by intermediaries from Chrysler and Mitsubishi at the direction of Wells Fargo, not Chase. Accordingly, Defendant Wells Fargo's Motion to Dismiss Count VII is DENIED.

Finally, for clarity in further proceedings in this case, it should be noted that as currently pled in the Second Amended Complaint, Defendant Wells Fargo, and not Defendant Chase, was

11

the "true original lender" who directed intermediaries from Chrysler and Mitsubishi to make alleged misrepresentations and change the loan terms and the names on the loan without notice or consent from plaintiffs. Pl. Resp. in Oppos. Accordingly, plaintiffs and defendants have jointly stipulated to dismiss all claims against Defendant Chase with prejudice.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

NORFETH MOLLEY and
MARTHA MOLLEY,

        Plaintiffs,    :   CIVIL ACTION

vs.    :   No. 07-cv-5415

FIVE TOWN CHRYSLER, INC.,
MITSUBISHI AUTO GROUP, INC.,
J.P. MORGAN CHASE & COMPANY,
INWOOD FIVE TOWNS CHRYSLER, LLC.,
AIRPORT AUTO GROUP, INC., and
WELLS FARGO BANK, N.A.,

        Defendants.

FILED
FEB 20 2009
MICHAEL E. KUNZ, Clerk
By _____ Dep. Cl.

**ORDER**

AND NOW, this 18th day of February, 2009, upon consideration of Defendant Wells Fargo's Motion to Dismiss the Second Amended Complaint (Doc. No. 36) and Plaintiffs' Response in Opposition thereto (Doc. No. 44), it is hereby ORDERED that the Motion is GRANTED IN PART AND DENIED IN PART. Defendant's Motion to Dismiss Counts III, VI and VII is DENIED. Defendant's Motion to Dismiss Counts I, II, IV, and V is GRANTED and Counts I, II, IV, and V are DISMISSED WITH PREJUDICE as to Defendant Wells Fargo Bank, N.A.

BY THE COURT:

2-23-09
Copies to:
Five Towns Chrysler, Inc.
Inwood Five Towns Chrysler
Mitsubishi Auto Group
Mitsubishi Auto Group, Inc.

_____
J. CURTIS JOYNER, J.